UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MULTIBANK 2009-1 CML-ADC VENTURE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT O. MCMASTER,<br><br>        Defendant. | 2:10-CV-697 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff Multibank's motion for partial summary judgment (doc. # 13). Defendant Robert McMaster has filed an opposition (doc. # 14), and plaintiff has filed a reply (doc. # 17). Also before the court is defendant's countermotion for additional discovery pursuant to Federal Rule of Civil Procedure 56(d). (Doc. # 15). Plaintiff has filed an opposition (doc. # 18), and defendant has filed a reply (doc. # 19).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56(c). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is material only if it could affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). The moving party bears the burden of informing the court of the basis for its motion,

**James C. Mahan**
**U.S. District Judge**

together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* at 324; Fed. R. Civ. P. 56(c).

These motions arise out of an alleged breach of contract by the defendant. On January 24, 2007, defendant obtained a loan from Silver State Bank in the original principal amount of $150,000. In the promissory note, defendant agreed to repay the loan by making monthly interest payments until the original maturity date of January 24, 2008, at which time all outstanding principal and accrued unpaid interest would become due, pursuant to the terms of the loan. On February 28, 2008, Silver State Bank extended the maturity date of the loan to July 27, 2008. On July 27, 2008, Silver State Bank agreed to extend the maturity date of the loan for a second time to January 5, 2009.

Subsequently, in September 2008, Silver State Bank failed and was taken over by the Financial Institutions Division of the State of Nevada Department of Business and Industry, and the FDIC was appointed as the receiver for the bank. In February 2010, plaintiff purchased the subject loan from the FDIC, and the FDIC executed an allonge, transferring the promissory note to plaintiff. To date, defendant has not fulfilled his payment obligations to plaintiff.

Plaintiff requests partial summary judgment in its favor on its third claim for relief, breach of contract, in the amount of $188,411.23. This amount allegedly represents the unpaid principal balance, interest, and late fees as specified in the promissory note and related loan documents.

Defendant argues that he has not been able to depose plaintiff regarding issues concerning the amount paid by the plaintiff to the FDIC or Silver State Bank for the loan. Defendant claims that additional discovery is required in order to determine whether there have been any material modifications to the loan between the time defendant entered into the agreement with Silver State Bank and the time the plaintiff purchased the loan from the FDIC.

Turning to the merits of plaintiff's motion for partial summary judgment, this court finds that there are no genuine issues of material fact, and that it is clear that plaintiff owns the loan under

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  which defendant has failed to fulfill his payment obligations.  The defendant argues that plaintiff's
2  motion is premature, that additional discovery is required pursuant to Rule 56(d), and that issues of
3  fact remain in contention regarding plaintiff's ownership of the subject loan.  However, as the
4  receiver for Silver State Bank, the FDIC succeeds to "all rights, titles, powers, and privileges of
5  Silver State Bank pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of
6  1989." *Mike-Sab, LLC v. Federal Deposit Ins. Corp.*, 2009 WL 2878440 (D. Nev. 2009);  *see also*
7  12 U.S.C. § 1821.  Thus, pursuant to federal statute, the FDIC had the power to transfer ownership
8  of the loan to Multibank, and Multibank may enforce the terms of the agreement. *Id.*

9        Defendant baselessly speculates that material modifications *may* have been made to the loan
10 between the time the agreement was entered into and the time plaintiff acquired the loan from the
11 FDIC.  Defendant argues that this possibility necessitates additional discovery pursuant to Rule
12 56(d).  However, he has failed to provide any support for this hypothesis.  Federal Rule of Civil
13 Procedure 56(d) requires a party to identify by affidavit the *specific facts* that further discovery
14 would reveal, and explain why those facts preclude summary judgment. *See Davis v. Humble*, 2010
15 WL 2346569 (D. Nev. 2010).  Defendant does nothing more than put forth bare allegations to
16 support his Rule 56(d) request, without offering any specific facts to back this theory.

17       Plaintiff, on the other hand, has provided uncontested evidence demonstrating that: (1) a valid
18 loan agreement was entered into between Silver State Bank and plaintiff, in the principal amount of
19 $150,000; (2) Silver State Bank failed, and the FDIC was appointed the bank's receiver pursuant to
20 12 U.S.C. § 1821; (3) the FDIC sold and transferred the promissory note for the subject loan to
21 plaintiff, via an allonge; and (4) defendant is in default on the loan.

22       It appears that defendant's only objection that has any merit is his argument that it may be
23 unclear what the total balance remaining on the loan presently is.  However, because it is clear to this
24 court that the defendant is in default, the court does not find this issue alone to be an appropriate or
25 sufficient reason to extend discovery.

26       For the reasons discussed herein, this court determines that the defendant has not met his
27 burden to avoid summary judgment against him pursuant to Rule 56(a), nor has he met his burden
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

to compel further discovery under Rule 56(d). Accordingly, defendant's motion for additional discovery (doc. # 15) is denied, and plaintiff's motion for partial summary judgment (doc. # 13) is granted. This court orders plaintiff to file a proposed judgment order, which shall include appropriate documentation providing support for the requested damages on its breach of contract claim in the total amount of $188,411.23.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant McMaster's motion for additional discovery (doc. # 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Multibank's motion for partial summary judgment (doc. # 13) be, and the same hereby is, GRANTED. Plaintiff is to file a proposed judgment on its breach of contract claim, including appropriate documentation supporting the amount requested.

DATED July 25, 2011.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE